**Opinion filed August 31, 2018**



In The

# Eleventh Court of Appeals

_____

## No. 11-16-00265-CV

_____

## DARVUS HENRY, Appellant

## V.

## CITY OF MIDLAND, Appellee

**On Appeal from the County Court at Law No. 2**
**Midland County, Texas**
**Trial Court Cause No. CC-18,449**

### MEMORADUM OPINION

Darvus Henry challenges the trial court's order granting the City of Midland's plea to the jurisdiction. Henry filed suit against the City for a claim arising out of a single-vehicle accident that occurred in Midland. In a single issue, Henry contends that the trial court erred in granting the City's plea to the jurisdiction on the basis that the City did not receive timely notice of Henry's claims. We affirm.

*Background Facts*

Henry was involved in a single-vehicle accident in Midland. He subsequently filed suit against the City, alleging that he suffered personal injuries arising out of the accident. Henry alleged that "a manhole cover caught the underside" of his vehicle. He pleaded that the manhole cover was tangible physical property that the City had negligently maintained. Henry pleaded in the alternative that the manhole cover was a special defect or premises defect.

The City filed a plea to the jurisdiction, asserting that Henry failed to timely provide notice to the City of his claims. Henry asserted that he had satisfied the statutory notice requirements because a City of Midland employee, a police officer, prepared a police accident report. Henry contends that the police accident report provided the City with actual notice. After conducting a hearing, the trial court granted the City's plea to the jurisdiction.

*Analysis*

In a single issue on appeal, Henry asserts that the trial court erred in granting the City's plea to the jurisdiction. "A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's subject-matter jurisdiction over a pleaded cause of action. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004). Subject-matter jurisdiction is a question of law. *Id.* at 226. Therefore, we apply a de novo standard of review to a trial court's ruling on a plea to the jurisdiction. *Id.*

"A jurisdictional plea may challenge the pleadings, the existence of jurisdictional facts, or both." *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018). In this appeal, the City is challenging the existence of

2

jurisdictional facts.[1]  If the governmental unit challenges the existence of jurisdictional facts, we consider the relevant evidence submitted. *Miranda*, 133 S.W.3d at 227. The standard of review mirrors that of a traditional motion for summary judgment. *Clark*, 544 S.W.3d at 771 (citing *Miranda*, 133 S.W.3d at 225–26). If the governmental unit's evidence shows that the trial court lacks jurisdiction, then the plaintiff must show that there is a disputed material fact on the issue. *See Miranda*, 133 S.W.3d at 228. In determining whether a material fact issue exists, we must take as true all evidence favorable to the plaintiff, indulging every reasonable inference and resolving any doubts in the plaintiff's favor. *Clark*, 544 S.W.3d at 771. If a fact issue exists, the trial court should deny the plea. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012). "But if the relevant evidence is undisputed or the plaintiff fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea as a matter of law." *Id.*

Governmental entities are generally immune from suits seeking to impose tort liability on them. *Ryder Integrated Logistics, Inc. v. Fayette Cty.*, 453 S.W.3d 922, 926 (Tex. 2015). That immunity deprives trial courts of subject-matter jurisdiction over such suits, absent a waiver of immunity. *Id.* at 927. The Texas Tort Claims Act (TTCA) contains such a waiver if notice prescribed by statute is given. *City of San Antonio v. Tenorio*, 543 S.W.3d 772, 775 (Tex. 2018) (citing *City of Dallas v. Carbajal*, 324 S.W.3d 537, 537–38 (Tex. 2010)); *see* TEX. GOV'T CODE ANN. § 311.034 (West 2013). "The purpose of the notice requirement is to ensure prompt reporting of claims in order to enable governmental units to gather information necessary to guard against unfounded claims, settle claims, and prepare for trial." *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995).

---

[1]We note that Henry did not plead any jurisdictional facts with respect to providing the City with notice of his claim.

3

As recently noted by the Texas Supreme Court in *Tenorio*:

> Under the TTCA, a governmental unit must be given notice of a claim against it "not later than six months after the day that the incident giving rise to the claim occurred." TEX. CIV. PRAC. & REM. CODE § 101.101(a). This notice of claim must describe "(1) the damage or injury claimed; (2) the time and place of the incident; and (3) the incident." *Id.* Claimants must also comply with any proper time requirements for notice that a city has adopted by charter or ordinance. *Id.* § 101.101(b) ("A city's charter and ordinance provisions requiring notice within a charter period permitted by law are ratified and approved.").

543 S.W.3d at 775; *see* TEX. CIV. PRAC. & REM. CODE ANN. § 101.101 (West 2011). The City of Midland's charter requires written notice of claim within sixty days after the injury or damage is sustained. *See* MIDLAND, TEX., CITY CHARTER art. III, § 8. There is no contention in this case that Henry timely provided formal written notice of his claim pursuant to the requirements of Section 101.101 and the Midland City Charter. Instead, Henry contends that the City had actual notice of his claim.

Under Section 101.101(c) of the Texas Civil Practice and Remedies Code, written notice requirements in the TTCA do not apply if a governmental unit has actual notice. *Tenorio*, 543 S.W.3d at 776. "Knowledge that a death, injury, or property damage has occurred, standing alone, is not sufficient to put a governmental unit on actual notice for TTCA purposes." *Id.* (citing *Cathey*, 900 S.W.2d at 341). To have actual notice, a governmental unit must have the same knowledge that it is entitled to receive under the written notice provisions of the TTCA. *Id.* (citing *Tex. Dep't of Criminal Justice v. Simons*, 140 S.W.3d 338, 347 (Tex. 2004)). "A governmental unit has actual notice under the TTCA if it has subjective knowledge of (1) a death, injury, or property damage; (2) the governmental unit's fault that produced or contributed to the death, injury, or property damage; and (3) the identity of the parties involved." *Id.* (citing *Cathey*, 900 S.W.2d at 341). Furthermore, "the actual notice provision requires that a governmental unit has subjective awareness

4

that its fault, as ultimately alleged by the claimant, produced or contributed to the claimed injuries." *Id.*

Whether a governmental unit has actual notice is a fact question when the evidence is disputed, but it is a question of law when the evidence is undisputed. *Id.* (citing *Simons*, 140 S.W.3d at 348). In this case, the evidence pertaining to notice is undisputed. As noted previously, Henry relies on a police accident report prepared by Midland Police Officer David Edwards to assert that the City had actual notice of his claim.

If there was an investigation of the accident by a governmental entity, whether the investigation gathered sufficient information to provide the governmental entity with actual notice depends upon the facts of the case. *Tenorio*, 543 S.W.3d at 776. The claimant in *Carbajal* alleged that a police accident report provided the City of Dallas with actual notice of her claim against the city. 324 S.W.3d at 537. The Texas Supreme Court noted that merely investigating an accident is insufficient to provide actual notice under the TTCA. *Id.* at 538 (citing *Simons*, 140 S.W.3d at 347–48). In order for a police accident report to provide the requisite actual notice, it must provide the governmental unit with actual, subjective awareness of its fault. *Id.* at 538–39.

Officer Edwards's narrative of the accident, as stated in the police accident report, reads as follows: "[Henry's van] was SB on Midkiff in the inside LN. It appears the drive shaft dropped causing the back left wheels to lock up and pulling the van to the left. [Henry] over steered back to the right and struck the curb on the northwest corner of Midkiff and Kansas." There is no reference in either Officer Edwards's narrative or other portions of his police accident report that a manhole cover was a cause of the accident or that the City's maintenance of the manhole cover was a cause of the accident. Furthermore, the police accident report indicates that Henry was not injured as a result of the accident. Thus, the report failed to

provide the City with notice of its alleged fault in producing or contributing to Henry's injuries. In the absence of this information, the report was insufficient to provide actual notice under the TTCA. *See Tenorio*, 543 S.W.3d at 776–78; *Carbajal*, 324 S.W.3d at 538–39; *Simons*, 140 S.W.3d at 347–48. Therefore, the trial court did not err in granting the City's plea to the jurisdiction. We overrule Henry's sole issue on appeal.

*This Court's Ruling*

We affirm the judgment of the trial court.

JOHN M. BAILEY

JUSTICE

August 31, 2018

Panel consists of: Bailey, J.;
Gray, C.J., 10th Court of Appeals[2];
and Wright, S.C.J.[3]

Willson, J., not participating.

---

[2]Tom Gray, Chief Justice, Court of Appeals, 10th District of Texas at Waco, sitting by assignment to the 11th Court of Appeals.

[3]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.