# IN THE SUPREME COURT OF TEXAS

══════════════

No. 13-0968

══════════════

RYDER INTEGRATED LOGISTICS, INC., PETITIONER,

v.

FAYETTE COUNTY, TEXAS, RESPONDENT

══════════════════════════════════════════════════

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FOURTH DISTRICT OF TEXAS

══════════════════════════════════════════════════

### PER CURIAM

This sovereign-immunity dispute relates to the deadly collision of two eighteen-wheeled commercial trucks. Petitioner Ryder Integrated Logistics, Inc., alleges the collision was caused by a Fayette County deputy sheriff and seeks redress pursuant to section 101.021 of the Civil Practice and Remedies Code. The section provides a waiver of governmental immunity when an injury "arises from the operation or use" of a vehicle by a government employee. TEX. CIV. PRAC. & REM. CODE § 101.021(1)(A). Fayette County maintains that the alleged harm did not arise from a government employee's vehicle use, and thus that the County remains immune from suit. The trial court sustained the County's plea to the jurisdiction, and the court of appeals affirmed. After reviewing the pleadings, we conclude Ryder has alleged an injury arising from the deputy sheriff's vehicle use. Accordingly, we reverse the judgment of the court of appeals and remand to the trial court for further proceedings.

I

The relevant facts are largely undisputed. The collision occurred during the course of an otherwise routine traffic stop on Interstate 10 in rural Fayette County. Deputy Sheriff Randy Thumann stopped Ralph Molina for a minor traffic violation at around 3:00 in the morning. Molina parked his eighteen-wheeler on the shoulder just right of the eastbound lanes, and Thumann pulled up behind him. When Molina's truck began rolling backward toward Thumann's cruiser, Thumann repositioned his vehicle. He drove up the grassy berm to his right and then turned his cruiser so that it faced eastbound traffic, though it remained in the grass to the right of the shoulder. The cruiser's headlights and high-beam spotlight were illuminated, as were its emergency lights.

Within seconds of the cruiser turning to face oncoming traffic, and while Thumann was still repositioning it, an eastbound Ryder eighteen-wheeler driven by Roberto Solis, Sr., veered right and clipped the back of Molina's trailer. The collision caused Solis's truck to overturn and ignite. Solis did not survive the fire.

Molina subsequently sued Ryder and Solis's estate, alleging that Molina sustained personal injury, emotional distress, and lost wages as a result of the negligence of Ryder and Solis. Ryder then filed this third-party claim against Fayette County, alleging that Thumann's negligence caused the accident. Specifically, Ryder alleges that Solis was blinded or distracted by the cruiser's headlights, which the County concedes were directed at oncoming traffic. Ryder seeks its own damages in addition to reimbursement from the County for any recovery by Molina.

After answering Ryder's petition, the County raised a plea to the jurisdiction, arguing the accident had not arisen from the use of a vehicle such that jurisdiction might be established under

section 101.021. The trial court sustained the plea. The court of appeals affirmed, holding that "the claim of distraction [by the headlights] seems to be more properly classified as a condition that made the accident possible than as the actual cause of the accident itself." *Ryder Integrated Logistics, Inc. v. Fayette Cnty.*, 414 S.W.3d 864, 869 (Tex. App.—San Antonio 2013).

## II

"A unit of state government is immune from suit and liability unless the state consents." *Dall. Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003) (citing *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999)). Governmental immunity defeats a court's jurisdiction. *Id.* Where a government entity challenges jurisdiction on the basis of immunity, "the plaintiff must affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity." *Id.* (citing *Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001)) (other citations omitted).

"When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004) (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993)). In doing so, "[w]e construe the pleadings liberally in favor of the plaintiff[] and look to the pleader['s] intent." *Id.* (citing *Tex. Air Control Bd.*, 852 S.W.2d at 446). Where the pleadings generate a "fact question regarding the jurisdictional issue," a court cannot sustain the plea to the jurisdiction. *Id.* at 228.

The asserted source of waiver is the Texas Tort Claims Act ("TTCA"). "The TTCA provides a limited waiver of governmental immunity." *Alexander v. Walker*, 435 S.W.3d 789, 790 (Tex. 2014) (citing TEX. CIV. PRAC. & REM. CODE § 101.023). In relevant part, the statute indicates:

3

A governmental unit in the state is liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:
>   (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and
>   (B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX. CIV. PRAC. & REM. CODE § 101.021. The issue before this Court is whether Ryder has alleged harm arising from the use of Thumann's vehicle such that immunity might be waived under subsection (1)(A). The courts below concluded Ryder has not done so. We review jurisdiction and pleading sufficiency de novo. *Miranda*, 133 S.W.3d at 226.

A

We first consider Ryder's allegations regarding use of the vehicle. Given the Legislature's preference for a limited immunity waiver, we strictly construe section 101.021's vehicle-use requirement. *See LeLeaux v. Hamshire–Fannett Indep. Sch. Dist.*, 835 S.W.2d 49, 51 (Tex. 1992) (emphasizing the limited nature of TTCA waiver). To begin with, a government employee must have been actively operating the vehicle at the time of the incident. *See id.* at 52 (finding no waiver where no government employee was present when student sustained injury in school bus). Moreover, the vehicle must have been used as a vehicle, and not, e.g., as a waiting area or holding cell. *See, respectively*, *id.* (explaining that unsupervised students were not using parked bus as a vehicle when they chose to meet there to talk); *City of Kemah v. Vela*, 149 S.W.3d 199 (Tex.

4

App.—Houston [14th Dist.] 2004, pet. denied) (finding no use where plaintiff was injured while sitting in parked police cruiser).

In addition, the tortious act alleged must relate to the defendant's operation of the vehicle rather than to some other aspect of the defendant's conduct. In other words, even where the plaintiff has alleged a tort on the part of a government driver, there is no immunity waiver absent the negligent or otherwise improper use of a motor-driven vehicle. For example, a driver's failure to supervise children at a bus stop may rise to the level of negligence, but that shortcoming cannot accurately be characterized as negligent operation of the bus. *See generally Mount Pleasant Indep. Sch. Dist. v. Estate of Lindburg*, 766 S.W.2d 208 (Tex. 1989). Similarly, a police officer may commit assault in his cruiser, and that assault may constitute a tort, but it is not tortious use of a vehicle. *See generally Hernandez v. City of Lubbock*, 253 S.W.3d 750 (Tex. App.—Amarillo 2007, no pet.). Where the vehicle itself "is only the setting" for the defendant's wrongful conduct, any resulting harm will not give rise to a claim for which immunity is waived under section 101.021. *LeLeaux*, 835 S.W.2d at 52.

In light of these principles, the record reveals that Ryder has indeed challenged a government employee's vehicle use. There is no genuine dispute that Thumann was operating the cruiser at the time of the alleged injury. The County does not deny that the vehicle was approaching eastbound traffic as the two trucks collided. The County even concedes that Thumann was in the process of "relocating" his cruiser. The County appears to argue that the use of headlights alone cannot constitute the operation or use of a vehicle. But Thumann was not just operating the headlights—he was driving the car.

Ryder has also adequately alleged negligence. Negligence is the breach of a legal duty. *Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009). Ryder contends Thumann breached a legal duty when he "failed to follow proper . . . protocols and procedures in moving his motor vehicle," and then "blinded and distracted Mr. Solis, [d]eceased, causing him to strike the rear of the Molina 18-wheeler." Ryder makes several other arguments, as well, but this allegation is sufficient for present purposes. It is well established that a peace officer's flawed execution of policy gives rise to a colorable negligence claim. *See State v. Terrell*, 588 S.W.2d 784, 788 (Tex. 1979) ("[I]f . . . an officer or employee acts negligently in carrying out that policy, government liability may exist . . . ."). This is precisely what Ryder has alleged here.

We express no opinion as to Thumann's actual culpability, and we reject the County's request that we hold Thumann's actions non-negligent as a matter of law. We do not require the plaintiff to "put on [its] case simply to establish jurisdiction." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). For that reason, proper jurisdictional analysis should "not involve a significant inquiry into the substance of the claims." *Id*. Yet the County implicitly asks us to undertake as much, and to assume a role the Legislature has expressly reserved for the finder of fact. *See* TEX. CIV. PRAC. & REM. CODE § 33.003 (establishing fact-finder's role). We decline to do so.

B

The question, then, is whether the alleged harm arose from Deputy Thumann's arguably negligent use of the cruiser. The statute itself does not define "arises from." We have defined this standard as a "nexus between the operation or use of the motor-driven vehicle or equipment and a plaintiff's injuries." *Whitley*, 104 S.W.3d at 543 (citations omitted). We have also described the

6

threshold as something more than actual cause but less than proximate cause. *See Utica Nat'l Ins. Co. of Tex. v. Am. Indem. Co.*, 141 S.W.3d 198, 203 (Tex. 2004) ("'[A]rise out of' means . . . there is but[-]for causation, though not necessarily direct or proximate causation."). Accordingly, a plaintiff can satisfy the "arising from" standard by demonstrating proximate cause. This is particularly appropriate in the context of the TTCA, which only reaches injuries "proximately caused by the wrongful act or omission or the negligence of an employee." TEX. CIV. PRAC. & REM. CODE § 101.021(1).

The components of proximate cause are cause in fact and foreseeability. *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 551 (Tex. 2005). Because proximate cause is ultimately a question for a fact-finder, we need only determine whether the petition "creates a fact question" regarding the causal relationship between Thumann's conduct and the alleged injuries. *Miranda*, 133 S.W.3d at 228; *see also Ark. Fuel Oil Co. v. State*, 280 S.W.2d 723, 729 (Tex. 1955) ("Question[s] of causation such as proximate cause are normally treated as questions of fact unless reasonable minds cannot differ.").

We can readily dispense with the first component of proximate cause. Ryder alleges that Thumann's vehicle served as a cause in fact of the collision. Cause in fact is essentially but-for causation. In other words, a tortious act is a cause in fact if serves as "a substantial factor in causing the injury and without which the injury would not have occurred." *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 774 (Tex. 2010) (citation omitted). The allegations easily satisfy the standard. Ryder pleads that by directing the cruiser's lights toward eastbound traffic, Thumann caused Solis's

7

errant driving. Ryder thus contends that the collision—and any associated harm—would not have occurred absent Thumann's decision to drive his car toward oncoming traffic.

The allegations are also sufficient to generate a fact issue regarding the second prong of proximate cause. Foreseeability requires only "that the injury be of such a general character as might reasonably have been anticipated; and that the injured party should be so situated with relation to the wrongful act that injury to him or to one similarly situated might reasonably have been foreseen." *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 551 (Tex. 1985) (quoting *Carey v. Pure Distrib. Corp.*, 124 S.W.2d 847, 849 (Tex. 1939)) (emphasis and citations omitted). According to Ryder, a reasonable peace officer could have foreseen that driving westbound near an eastbound shoulder at night—with headlights and emergency lights illuminated—might confuse drivers, disrupt traffic, and lead to a collision much like the one that ultimately occurred. And the alleged harm is of the very character that might reasonably have been anticipated. Upon consideration of these allegations, a reasonable juror might find the requisite nexus between the use of Thumann's vehicle and any injuries suffered by Molina and Ryder.

The court of appeals held otherwise, concluding that "Thumann's use of his vehicle when turning around merely furnished the condition that made Solis's death possible." *Ryder*, 414 S.W.3d at 871. We have indeed held that "the operation or use of a motor vehicle 'does not cause injury if it does no more than furnish the condition that makes the injury possible.'" *Whitley*, 104 S.W.3d at 543 (quoting *Dall. Cnty. Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 343 (Tex. 1998)). "When an alleged cause is geographically, temporally, or causally attenuated from the alleged effect, that attenuation will tend to show that the alleged cause did no more than furnish the

8

condition that made the effect possible." *City of Dall. v. Hillis*, 308 S.W.3d 526, 532 (Tex. App.—Dallas 2010, pet. denied) (citing *Bossley*, 968 S.W.2d at 343). But as we have explained, the allegations suggest that Thumann's operation of his cruiser might not have been attenuated from the alleged injuries.

In holding that Thumann's use of the cruiser "merely furnished [a] condition," the court of appeals relied on *Texas Department of Public Safety v. Grisham*, 232 S.W.3d 822 (Tex. App.—Houston [14th Dist.] 2007, no pet.). The plaintiff in that case had been injured while driving when he moved into the left lane of an interstate highway, striking a vehicle stranded there. *Id.* at 824. He apparently changed lanes only because a police car was parked, with emergency lights activated, on the right shoulder. *Id.* The plaintiff argued that the officer should have known drivers would change lanes, and that his alleged negligence caused the collision and associated injuries. *Id.* at 825. The court of appeals rejected the argument, holding that a parked vehicle is not in use for the purpose of the TTCA, and explaining that the "cruiser parked on the right shoulder with the lights activated merely furnished the condition" that made the plaintiff's injury possible. *Id.* at 827.

Although we express no opinion as to the substance of the *Grisham* panel's analysis, we decline to follow its reasoning here. The critical question in *Grisham* was whether the use of emergency lights alone renders a parked cruiser in "operation or use" for the purpose of the TTCA waiver. We need not resolve that issue today, as it is undisputed that Thumann was driving—and thus operating—his vehicle at the time the accident occurred. As a consequence, Ryder has alleged an injury arising from the tortious operation or use of a vehicle.

## C

Finally, the County insists that Solis's ostensibly "illegal actions" preclude any liability and require dismissal of Ryder's tort claims. More specifically, the County complains that Solis failed to comply with the state's "Move Over Act," which requires drivers to change lanes or reduce speed when approaching an emergency response vehicle. *See* TEX. TRANSP. CODE § 545.157. We are not persuaded. The statutory provision applies only where a driver is approaching a "stationary authorized emergency vehicle." *Id.* § 545.157(a)(1). Yet the emergency vehicle at issue here was not stationary. Even the County does not deny that the cruiser was moving toward eastbound traffic when Solis approached the scene. Consequently, the Move Over Act does not apply.

More importantly, the County misrepresents the governing standard. The County's argument presumes that Ryder's recovery is barred by its agent's own wrongful conduct. This might be true in a pure contributory-negligence regime. *See* RESTATEMENT (SECOND) OF TORTS § 467 (1965). Yet Texas abandoned this "all-or-nothing system" in 1973. *Dugger v. Arredondo*, 408 S.W.3d 825, 830 (Tex. 2013). With our current proportionate-liability system, the state "abrogated former common law doctrines that barred a plaintiff's recovery because of the plaintiff's conduct." *Id.* at 832. A fact-finder must instead "determine the percentage of responsibility, stated in whole numbers" of each party. *See* TEX. CIV. PRAC. & REM. CODE § 33.003. Based on this determination, recovery is precluded only "if [the plaintiff's] percentage of responsibility is greater than 50 percent." *Id.* § 33.001. If his contribution to the alleged harm is 50% or less, he is entitled to fractional recovery. *Id.* § 33.012. This is true even where the plaintiff violates the law. *Dugger*, 408 S.W.3d at 832. Accordingly, the alleged infraction does not preclude this action.

10

\* \* \*

For the reasons stated herein, we conclude Ryder has alleged an injury arising from the use of a vehicle for the purpose of section 101.021 of the Civil Practice and Remedies Code. Therefore, and without hearing oral argument, we reverse the judgment of the court of appeals and remand the case to the trial court for further proceedings. TEX. R. APP. P. 59.1.

**OPINION DELIVERED:** February 6, 2015