# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON RECONSIDERATION EN BANC

## NO. 03-19-00294-CV

**The City of Austin, Texas, Appellant**

**v.**

**Sayeed Anam, Individually and as Independent Administrator of The Estate of Zachary Anam and Cara Anam, Individually, Appellees**

### FROM THE PROBATE COURT NO. 1 OF TRAVIS COUNTY
### NO. C-1-PB-17-002191, THE HONORABLE GUY S. HERMAN, JUDGE PRESIDING

## O P I N I O N

Our opinion and judgment issued on July 30, 2020, are withdrawn, and the following opinion is substituted.

Zachary Anam committed suicide by shooting himself in the head while he was handcuffed and seated in the backseat of an Austin Police Department patrol car. Zachary's family sued the City of Austin under the Texas Tort Claims Act, alleging that the police officer's failure to fasten Zachary's seatbelt caused his death. The legal issue in this interlocutory appeal is whether the Anams' claims fall under the Act's limited waiver of sovereign immunity for death arising from the use of a motor-driven vehicle or caused by a condition or use of tangible personal property. Because we conclude that Zachary's death was not proximately caused by the

unfastened seatbelt, a requirement for waiver under the Act, we reverse the trial court's order denying the City's plea to the jurisdiction and render judgment dismissing the Anams' claims against the City.

## Background

Employees of the Macy's department store at Barton Creek Square Mall in Austin detained Zachary Anam for allegedly shoplifting. The employees called the police, and Officer Iven Wall responded to the call. Wall arrested Zachary, handcuffed his hands behind his back, placed him in a patrol car, and fastened his seatbelt. Wall did not discover the handgun Zachary had concealed in a holster attached to his waistband. Video from the backseat camera shows that before the patrol car began to move, Zachary maneuvered the shoulder strap of the seatbelt so that it was behind his back, rather than across his chest.

During the drive to police headquarters, Zachary unbuckled his seatbelt,[1] revealing (through the video feed) the holstered handgun at his waist. Wall did not stop the car. Instead, he asked Zachary, "Do you have anything else illegal on you?" Wall also told Zachary that he would be searched at the jail, that he could be charged with another felony, and that he would spend the rest of his life behind bars. Zachary then asked, "Officer, if I'm feeling suicidal, now's the time to tell you, right?" to which Wall replied, "They'll take care of you at the jail." Zachary then told Wall, "I have a loaded firearm to my head." Upon hearing this, Wall stopped the patrol car, exited, and radioed other officers for help. He also directed the patrons of a nearby restaurant to get away from the window. Four minutes after Wall stopped the patrol car, Zachary lay down in the backseat and shot himself in the head.

---

[1] The Anams contend that "the seatbelt became unfasted." Although it is ultimately of no import here, they do not dispute the video evidence showing that Zachary unfastened the seat belt; nor do they challenge the police report's statement that Zachary unfastened the seat belt.

The Anams sued the City. They alleged that the Tort Claims Act waived the City's governmental immunity because Wall, while acting within the course and scope of his employment with the City and while operating a vehicle owned by the City, was negligent in failing to refasten Zachary's seatbelt after Zachary unbuckled it. This was negligent, the Anams contend, because Wall would have likely discovered the handgun if he had refastened the seatbelt. *See* Tex. Civ. Prac. & Rem. Code § 101.021(1) (waiver for operation or use of a motor-driven vehicle). The Anams alleged in the alternative that Zachary could not have drawn the gun to shoot himself if the seatbelt had been fastened. *See id.* § 101.021(2) (waiver for condition or use of tangible personal property).

The City filed a plea to the jurisdiction, arguing that the Anams' claims against it do not fall under the Tort Claims Act's waivers of immunity. The trial court denied the City's plea, and the City appeals.

**Discussion**

The City of Austin, as a political subdivision of the State, is immune from suit and liability unless the state consents. *City of Watauga v. Gordon*, 434 S.W.3d 586, 589 (Tex. 2014). Governmental immunity defeats a court's jurisdiction. *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003). Where a government entity challenges jurisdiction on the basis of immunity, the plaintiff must affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity." *Ryder Integrated Logistics, Inc. v. Fayette County*, 453 S.W.3d 922, 927 (Tex. 2015). To determine if the plaintiff has met that burden, we consider the facts alleged by the plaintiff and, to the extent it is relevant to the jurisdictional issue, the evidence submitted by the parties. *Whitley*, 104 S.W.3d at 542.

3

The asserted source of waiver in this case is the Texas Tort Claims Act. *See* Tex. Civ. Prac. & Rem. Code § 101.025(a) ("Sovereign immunity to suit is waived and abolished to the extent of liability created by this chapter."). Specifically, the Anams argue that Wall's negligent failure to refasten Zachary's seatbelt falls under the two waivers found in section 101.021 of the Tort Claims Act:

> A governmental unit in the state is liable for:
>
> (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:
>
> > (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and
> >
> > (B) the employee would be personally liable to the claimant according to Texas law; and
>
> (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

*Id.* § 101.021.

Proximate cause is a requirement for both waivers in section 101.021. *See id.*; *Ryder*, 453 S.W.3d at 929 (noting that the Act "only reaches injuries 'proximately caused by the . . . negligence of an employee'") (quoting Tex. Civ. Prac. & Rem. Code § 101.021(1)(A)); *Dallas Cnty. Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 343 (Tex. 1998) (noting that for immunity to be waived under subsection 101.021(2), "injury or death must be proximately caused by the condition or use of tangible property"). The requisite components of proximate cause are cause in fact and foreseeability. *Ryder*, 453 S.W.3d at 929. Foreseeability requires that a person of ordinary intelligence should have anticipated the danger created by a

4

negligent act or omission. *Doe v. Boys Club of Greater Dall., Inc.*, 907 S.W.2d 472, 477 (Tex. 1995) (citing *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 549–50 (Tex. 1985)). The danger of injury is foreseeable if its "general character might reasonably have been anticipated . . . and the injured party should be so situated with relation to the wrongful act that injury to him or to one similarly situated might reasonably have been foreseen." *Ryder*, 453 S.W.3d at 929 (citing *Nixon*, 690 S.W.2d at 551). The question of foreseeability, and proximate cause generally, involves a practical inquiry based on "common experience applied to human conduct." *Doe*, 907 S.W.2d at 477. It asks whether the injury "might reasonably have been contemplated" as a result of the defendant's conduct. *Id.* "Foreseeability requires more than someone, viewing the facts in retrospect, theorizing an extraordinary sequence of events whereby the defendant's conduct brings about the injury." *Id.* (citing Restatement (Second) of Torts § 435(2) (Am. Law Inst., 1965)).

Under the applicable standard of review, we construe the pleadings liberally in favor of the plaintiff to determine if the plaintiff has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *See Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *see also Ryder*, 453 S.W.3d at 929 (reviewing factual allegations to determine whether sufficient to demonstrate foreseeability). Here, the Anams do not allege any facts demonstrating foreseeability—i.e., that a person of ordinary intelligence should have anticipated that the failure to refasten the seatbelt of a handcuffed occupant of the vehicle would create the danger of suicide by gunshot. Instead, the Anams' pleadings assert in a conclusory manner only that "it was foreseeable that failing to use the seatbelt properly would cause injury to Zachary." Nor could the Anams allege any such facts in this case because the reasonably anticipated danger or harm created from an unfastened seatbelt is not suicide by gunshot wound

to the head, but rather is the likelihood of injury or death should the vehicle be involved in a collision or otherwise stop abruptly. *See Doe*, 907 S.W.2d at 477–78 (concluding that if club had discovered volunteer's DWI convictions, the "information would not have caused the club reasonably to anticipate his subsequent sexual assaults on the minor plaintiffs"); *see also Ryder*, 453 S.W.3d at 929 (alleged harm must be of the very character that might reasonably have been anticipated); *Doe*, 907 S.W.2d at 477. (explaining that danger of injury is foreseeable if its "general character . . . might reasonably have been anticipated"). To conclude otherwise would require "theorizing an extraordinary sequence of events." *See Doe*, 907 S.W.2d at 478. (noting that foreseeability involves practical inquiry based on "common experience applied to human conduct"); *Restatement (Second) of Torts* § 435(2) ("The actor's conduct may be held not to be a legal cause of harm to another where after the event and looking back from the harm to the actor's negligent conduct, it appears to the court highly extraordinary that it should have brought about the harm.").

In their response to the City's motion for reconsideration en banc, the Anams argue that the City has waived en banc review of the foreseeability issue. We disagree. Rule 38.1 provides that an issue statement "will be treated as covering every subsidiary question that is fairly included." Tex. R. App. P. 38.1(f). The City's issues in this appeal generally challenge whether its governmental immunity has been waived by section 101.021, which, as noted, requires proximate cause. *See* Tex. Civ. Prac. & Rem. Code § 101.021. Further, the City argues in its brief, although in the context of the "arises from" requirement, that "Because the City's patrol vehicle merely provided the setting for Anam's injuries, and Officer Wall's operation or use of the patrol vehicle did not proximately cause Anam's injuries, the Appellees' claims do not fall within the waiver of immunity set forth in section 101.021(1)." Finally, we note that even if

the City had waived the foreseeability argument, this Court has recognized that sovereign immunity issues may be raised by a court sua sponte. *Texas Dep't of Ins. v. Texas Ass'n of Health Plans*, 598 S.W.3d 417, 424 (Tex. App.—Austin 2020, no pet.) (citing *Texas Dep't of State Health Servs. v. Balquinta*, 429 S.W.3d 726, 745 (Tex. App.—Austin 2014, pet. dism'd); *Texas State Bd. of Veterinary Med. Exam'rs v. Giggleman*, 408 S.W.3d 696, 707 n.18 (Tex. App.—Austin 2013, no pet.)).

## Conclusion

Zachary's suicide was tragic. But the Anams have not alleged facts demonstrating that his death was proximately caused by Wall's failure to refasten the seatbelt or by the condition or use of the seatbelt. And the facts they have alleged negate their ability to replead facts such that their claims fall under the Tort Claims Act's waiver of immunity. Construing the pleadings in their favor, the real substance of the Anams' claim is that Zachary's suicide was caused not by the failure to refasten his seatbelt or the condition of the seatbelt but by the fact that Wall failed to detect and remove Zachary's gun before putting him in the patrol car. The Tort Claims Act does not waive immunity from such a complaint. As such, their claim does not fall under the Act's narrow waiver of immunity. Accordingly, we reverse the trial court's order and render judgment dismissing the Anams' claims against the City.

_____
Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Goodwin, Baker, Triana, Kelly, and Smith
  Dissenting Opinion by Justice Triana; Joined by Justice Smith
  Dissenting Opinion by Justice Smith

7

Reversed and Rendered on Motion for Reconsideration En Banc

Filed:   December 30, 2020