

NUMBER 13-23-00060-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG

CITY OF MCALLEN,                                                          Appellant,

v.

ELYDA LORETTE DIAZ,                                                Appellee.

On appeal from the 206th District Court
of Hidalgo County, Texas.

## DISSENTING MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Tijerina
Dissenting Memorandum Opinion by Chief Justice Contreras**

The majority concludes that, in her negligence suit against appellant City of McAllen, appellee Elyda Lorette Diaz failed to plead facts establishing a waiver of governmental immunity. Because I disagree, I respectfully dissent.

The question here is whether Diaz's pleadings, construed liberally in her favor, allege facts establishing that the City's immunity was waived by § 101.021 of the Texas

Tort Claims Act (TTCA). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 (generally waiving sovereign immunity for a personal injury claim against a governmental unit which (1) "arises from the operation or use of a motor-driven vehicle" or (2) is "so caused by a condition or use of tangible personal or real property"); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). To do so, the pleadings had to allege facts "show[ing] that the governmental employee's use or operation of the vehicle or equipment proximately caused the relevant injury." *Rattray v. City of Brownsville*, 662 S.W.3d 860, 874 (Tex. 2023).

Diaz's petition alleged the following facts: (1) "[s]he was handcuffed and then placed in a police car and while the police [were] using the car to transport her, she was injured with police owned objects"; (2) "[t]he police officer who had custody of Ms. Diaz negligently operated the car & its security instrumentalities and injured Ms. Diaz"; (3) her injuries were "caused by the negligent transportation she received after being handcuffed and while she was being transported using a police car"; and (4) "[a]s a *direct and proximate result* of the [City's] conduct," she "experienced severe trauma, personal bodily injuries, physical pain, head injuries[,] and mental anguish" (emphasis added). The pleadings explicitly alleged that the City officer's negligent "operat[ion]" of "the car [and] its security instrumentalities" "proximate[ly]" caused her injuries.

Citing *Ryder Integrated Logistics, Inc. v. Fayette County*, 453 S.W.3d 922, 927 (Tex. 2015) (per curiam), the majority holds that Diaz's pleadings are insufficient, despite the fact that she explicitly alleged her injuries were "proximate[ly]" caused by the City's conduct, because she did not explicitly allege facts showing (1) that the City's conduct was the "but-for" cause of her injuries, or (2) that her injuries were reasonably foreseeable

by the City. *See W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 551 (Tex. 2005) ("Proximate cause has two elements: cause in fact and foreseeability."); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 549 (Tex. 1985) (noting that cause in fact is established when "the act or omission was a substantial factor in bringing about the injury" and, without it, the harm would not have occurred). In *Ryder*, the plaintiff alleged that a deputy sheriff negligently directed his headlights into oncoming traffic when turning around, thereby distracting a truck driver who, in turn, collided with and injured the plaintiff. 453 S.W.3d at 929–30. The Court held that the allegations "easily satisfy the standard" for cause-in-fact because they alleged that "by directing the cruiser's lights toward eastbound traffic, [the deputy] caused [the truck driver's] errant driving." *Id.* at 929. The majority also cites *La Joya Independent School District v. Gonzalez*, where the plaintiff alleged that a city bus driver was the cause-in-fact of a student's death when he stopped his bus in an expressway crossover and activated his flashing lights, and the student was then struck by a different vehicle while attempting to board the bus. 532 S.W.3d 892, 903 (Tex. App.—Corpus Christi–Edinburg 2017, pet. denied). We held that the pleadings were sufficient to establish cause-in-fact and a waiver of immunity. *Id.* Finally, the majority cites *Harlingen Consolidated Independent School District v. Miranda*, No. 13-18-00391-CV, 2019 WL 1187151, at *1 (Tex. App.—Corpus Christi–Edinburg Mar. 14, 2019, no pet.) (mem. op.). There, the pleadings alleged that a school bus driver drove at an unsafe speed over poor road conditions, causing the plaintiff to be thrown against the rear emergency exit and ejected from the bus. *Id.* at *5. We held the pleadings established cause-in-fact and foreseeability, and therefore, immunity was waived. *Id.*

The majority asserts that, "[w]ithout additional factual allegations, it is entirely unclear how [Diaz] sustained injuries 'while using the police unit' or how 'being transported' caused her to experience" her claimed injuries. I disagree. Diaz explicitly alleged that the officer's negligent operation of the patrol vehicle, in which she was a passenger, directly and proximately caused her injuries. Her pleadings are not as factually detailed as the ones considered in *La Joya* and *Ryder*; however, those cases are distinguishable because of the indirect nature of the injuries alleged. In both *La Joya* and *Ryder*, the plaintiff alleged that a government employee's negligent driving proximately caused *a second vehicle* to act erratically, and that second vehicle was then involved in a collision which directly produced the complained-of injuries. *See Ryder*, 453 S.W.3d at 927; *La Joya*, 532 S.W.3d at 903. In those cases, merely alleging that the government employee's negligent operation of his vehicle "proximately caused" the plaintiff's injuries would be insufficient to show cause-in-fact because it was also alleged that a second vehicle was more directly involved in the events which caused the injuries. Without further explanation, it would be unclear how the negligence of the *first* driver could proximately cause injuries which directly stemmed from a collision with the *second* vehicle. On the other hand, in this case, there is only one car involved—the one driven by the government employee in which Diaz was a passenger. Unlike in *La Joya* and *Ryder*, highly detailed factual pleadings are not necessary to establish how the negligence of a vehicle's driver could proximately cause injuries to a passenger of that same vehicle.[1] The causal

---

[1] *Harlingen* involved only one vehicle. *See Harlingen Consol. Indep. Sch. Dist. v. Miranda*, No. 13-18-00391-CV, 2019 WL 1187151, at *1 (Tex. App.—Corpus Christi–Edinburg Mar. 14, 2019, no pet.) (mem. op.). But the fact that the relatively detailed pleadings in that case were sufficient to establish proximate cause does not mean such detail is required in every case or that the pleadings here were insufficient to serve that purpose.

4

relationship is direct and obvious. I would conclude that, as in *Ryder*, the pleadings are "easily" sufficient to show cause-in-fact in this case. *See* 453 S.W.3d at 929.

The *Ryder* Court also held that the pleadings were sufficient as to foreseeability because, though the defendant claimed that the injuries were too attenuated from the alleged negligent acts, "the allegations suggest that [the deputy's] operation of his cruiser might not have been attenuated from the alleged injuries." *Id.* at 930. Foreseeability requires only "that the injury be of such a general character as might reasonably have been anticipated; and that the injured party should be so situated with relation to the wrongful act that injury to him or to one similarly situated might reasonably have been foreseen." *Nixon*, 690 S.W.2d at 551. Here, Diaz alleged that the City employee's negligent operation of the car and its "security instrumentalities" (apparently handcuffs) directly caused her injuries. It is obviously foreseeable that the negligent operation of a car may directly result in physical injuries, such as those alleged by Diaz, to a backseat passenger.[2] It is also obviously foreseeable that the negligent use of handcuffs may directly result in physical injuries to the individual being handcuffed. There is no suggestion that the negligent acts were "too geographically or temporally attenuated" from the injuries to be actionable. *See Rattray*, 662 S.W.3d at 874; *Ryder*, 453 S.W.3d at 929–30. Therefore, I would conclude that the allegations were sufficient to establish foreseeability.

---

[2] The majority states "it is not reasonable to anticipate that transporting a person to the local jail in a patrol vehicle—without more—may lead to the injuries she allegedly sustained . . . ." But Diaz alleged that the officer transported her to the jail *negligently*, and we are required to accept her pleadings as true at this jurisdictional stage of the proceedings. *See id*. If the City believes more detailed pleadings are required, it may file special exceptions. *See* TEX. R. CIV. P. 91.

5

For the foregoing reasons, I would conclude that Diaz met her initial burden to plead facts establishing a waiver of immunity, and that the trial court therefore did not err in denying the City's plea to the jurisdiction. I respectfully dissent.

DORI CONTRERAS
Chief Justice

Delivered and filed on the
7th day of March, 2024.