**Opinion issued January 15, 2026**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-24-00634-CV

————————————

**THE UNIVERSITY OF TEXAS M.D. ANDERSON CANCER CENTER,**
**Appellant**

**V.**

**CHERYL BOWMAN AND DAVE BOWMAN, Appellees**

---

**On Appeal from the 152nd District Court**
**Harris County, Texas**
**Trial Court Case No. 2019-44227**

---

## MEMORANDUM OPINION

This appeal arises from a medical liability claim by Cheryl Bowman against

The University of Texas M.D. Anderson Cancer Center ("M.D. Anderson") for side

effects Bowman allegedly suffered due to chemotherapy, including the aggravation

of her neuropathy. Bowman's husband, Dave, also filed a loss-of-consortium claim. M.D. Anderson filed a plea to the jurisdiction, which the trial court denied.

M.D. Anderson contends that the Texas Tort Claims Act's limited waiver of governmental immunity does not apply because Bowman's alleged injuries were not proximately caused by its use of tangible personal property. The Bowmans contend that the factual allegation in their petition demonstrates waiver of governmental immunity under the Texas Tort Claims Act.

Because we conclude that M.D. Anderson's governmental immunity bars the Bowmans' claims, we reverse the trial court's denial of M.D. Anderson's plea to the jurisdiction and dismiss this case for lack of jurisdiction.

## Background

Bowman was initially diagnosed with and received treatment for colon cancer at Houston Methodist Hospital ("Methodist"). Methodist interpreted the diagnostic imaging of lesions on her liver as metastasized cancer. Methodist immediately started treating Bowman's cancer with chemotherapy, which is known to cause and did cause her peripheral neuropathy.

Approximately six months later, Bowman consulted with a colon cancer specialist at M.D. Anderson. The specialist determined that Bowman was a good candidate for immunotherapy (in this case, the immunotherapy agent was pembrolizumab ("pembro"), also called "Keytruda"). Thus, M.D. Anderson

administered immunotherapy to Bowman. Physicians at M.D. Anderson ultimately determined that the lesions on Bowman's liver were not malignancies from the primary tumor.

In their live pleading, the Bowmans alleged that M.D. Anderson, as a defendant, was negligent "in [M.D. Anderson's] failure to ascertain the true status of Cheryl's condition and in [M.D. Anderson's] continuing chemotherapy using tangible personal property, chemotherapy drugs, that caused harm to [Bowman] through well-known and foreseeable side effects including aggravation of neuropathy." Throughout their pleading, the Bowmans complained of the chemotherapy regimen and the side effects therefrom, not the immunotherapy regimen.

In its plea to the jurisdiction, M.D. Anderson argued that it did not administer chemotherapy to Bowman. In support, M.D. Anderson submitted jurisdictional evidence, including Bowman's testimony and testimony from her retained expert, Dr. Andrew Schneider, both stating that M.D. Anderson did not administer any kind of chemotherapy to Bowman. The Bowmans responded that their petition was only deficient by using the term "chemotherapy" instead of "immunotherapy" but did not attempt to amend their petition. The trial court held a hearing on M.D. Anderson's plea to the jurisdiction in May 2024. That same day, the Bowmans submitted expert testimony from Dr. Paul Holoye's deposition. Dr. Holoye testified that M.D.

Anderson only administered immunotherapy to Bowman and that the immunotherapy did not cause Bowman's peripheral neuropathy. Thereafter, M.D. Anderson responded, arguing that the Bowmans' exhibits, some of which are not in the record, do not show M.D. Anderson's use of immunotherapy caused harm to Bowman.

The trial court did not rule on M.D. Anderson's plea to the jurisdiction until August 5, 2024, after M.D. Anderson moved for a ruling. The trial court denied M.D. Anderson's plea to the jurisdiction by written order, stating that it considered the "pleadings and arguments of counsel," but did not indicate that it considered the jurisdictional evidence.

**Standard of Review**

A plea to the jurisdiction is a procedural vehicle used to challenge a court's subject-matter jurisdiction over a claim. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). "Subject matter jurisdiction is essential to the authority of a court to decide a case and is never presumed." *Harris Cnty., TX v. Cabazos*, 177 S.W.3d 105, 108 (Tex. App.—Houston [1st Dist.] 2005, no pet.). "Subject matter jurisdiction cannot be conferred by consent, waiver, or estoppel at any stage of a proceeding." *Saudi v. Brieven*, 176 S.W.3d 108, 113 (Tex. App.—Houston [1st Dist.] 2004, pet. denied).

4

Whether a court has subject-matter jurisdiction is a question of law, which we review de novo. *Suarez v. City of Tex. City*, 465 S.W.3d 623, 632 (Tex. 2015). "In doing so, we exercise our own judgment and redetermine each legal issue, without giving deference to the lower court's decision." *City of Hous. v. Hous. Firefighters' Relief & Ret. Fund*, 667 S.W.3d 383, 395 (Tex. App.—Houston [1st Dist.] 2022, pet. denied).

"When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Ryder Integrated Logistics, Inc. v. Fayette Cnty.*, 453 S.W.3d 922, 927 (Tex. 2015). We construe the pleadings liberally in favor of the plaintiff and look to the plaintiff's intent. *Id.* If the pleadings present a fact question regarding the jurisdictional issue, a court cannot sustain the plea to the jurisdiction. *Id.* But if the pleadings affirmatively negate the existence of jurisdiction, then the court may grant the plea to the jurisdiction without allowing the plaintiff the opportunity to amend. *Miranda*, 133 S.W.3d at 227.

"[I]f a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do." *Id.* When reviewing a plea to the jurisdiction in which disputed evidence implicates both the court's subject-matter jurisdiction and the merits of the case, we consider relevant

5

evidence submitted by the parties to determine whether a fact issue exists. *Suarez*, 465 S.W.3d at 632-33. "We take as true all evidence favorable to the nonmovant, indulge every reasonable inference, and resolve any doubts in the nonmovant's favor." *Id.* at 633. If the evidence creates a fact question regarding jurisdiction, then the plea must be denied because the fact finder must resolve the issue. *Miranda*, 133 S.W.3d at 228. "If the evidence fails to raise a question of fact, however, the plea to the jurisdiction must be granted as a matter of law." *Suarez*, 465 S.W.3d at 633.

## Discussion

M.D. Anderson's sole issue is that the trial court erred by denying its plea to the jurisdiction because the Bowmans' injuries were not caused by its use of tangible personal property.

### A. Applicable law

"Sovereign immunity and its counterpart, governmental immunity, exist to protect the State and its political subdivisions from lawsuits and liability for money damages." *Fallon v. Univ. of Tex. MD Anderson Cancer Ctr.*, 586 S.W.3d 37, 56 (Tex. App.—Houston [1st Dist.] 2019, no pet.); *see* TEX. CIV. PRAC. & REM. CODE § 101.001(3). The parties do not dispute that M.D. Anderson is a unit of state government entitled to sovereign immunity. TEX. CIV. PRAC. & REM. CODE § 101.001(3); *see Sharma v. Lin,* No. 01-24-00730-CV, 2025 WL 3071581, at *5 (Tex. App.—Houston [1st Dist.] Nov. 4, 2025, no pet. h.) (mem. op.). Unless the

6

State has consented to suit through legislative waiver of immunity, sovereign immunity from suit deprives courts of subject-matter jurisdiction. *Fallon*, 586 S.W.3d at 56.

A plaintiff has the burden to affirmatively demonstrate the trial court's jurisdiction, which includes establishing a waiver of sovereign immunity in suits against the government. *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019). Because a governmental unit is protected from suit by immunity, "pleadings in a suit against a governmental unit must affirmatively demonstrate, either by reference to a statute or express legislative permission, that the Legislature consented to the suit." *City of Hous. v. Swinerton Builders, Inc.*, 233 S.W.3d 4, 10 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

The Texas Legislature enacted the Texas Tort Claims Act ("TTCA") to provide a limited waiver of immunity in certain circumstances. *See* TEX. CIV. PRAC. & REM. CODE ch. 101. As relevant here, the TTCA waives a governmental unit's immunity for "personal injury and death caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM. CODE § 101.021(2). The plaintiff must plead sufficient facts to establish that the court has jurisdiction under the TTCA because it is the plaintiff's burden to establish that the TTCA has waived a governmental unit's immunity. *Univ. of Tex. M.D. Anderson*

7

*Cancer Ctr. v. McKenzie*, 578 S.W.3d 506, 512 (Tex. 2019); *Tex. Dep't of Crim. Just. v. Miller*, 51 S.W.3d 583, 586 (Tex. 2001).

## B. Analysis

The Bowmans assert a waiver of sovereign immunity under the TTCA. To establish a waiver of immunity under the TTCA, the Bowmans must establish that M.D. Anderson's use of tangible personal property caused Bowman's personal injuries. *See* TEX. CIV. PRAC. & REM. CODE § 101.021(2). In their live pleading, the Bowmans alleged that M.D. Anderson was negligent because it failed to ascertain the true status of Bowman's condition and continued "chemotherapy using tangible personal property, chemotherapy drugs, that caused harm to Ms. Bowman through well-known and foreseeable side effects including aggravation of neuropathy."

M.D. Anderson contends that the Bowmans failed to establish that M.D. Anderson caused her personal injury by using tangible personal property because (1) the undisputed evidence establishes that M.D. Anderson did not administer chemotherapy to Bowman, and (2) she did not show that the immunotherapy M.D. Anderson used proximately caused her personal injury. The Bowmans contend that because the trial court's judgment stated that it considered the pleadings and arguments of counsel, this Court's scope of review is limited to the petition and answer only, and we cannot consider M.D.'s Anderson's jurisdictional evidence on appeal. We disagree.

8

Undisputed evidence establishes that M.D. Anderson did not use chemotherapy to treat Bowman. Bowman and the Bowmans' retained experts agree that M.D. Anderson did not administer chemotherapy to Bowman. To the extent the trial court failed to consider this evidence in ruling on the plea to the jurisdiction, the trial court erred.

A court deciding a plea to the jurisdiction must consider evidence when necessary to resolve the jurisdictional issues raised. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000); *see also Hearts Bluff Game Ranch, Inc. v. State*, 381 S.W.3d 468, 476 (Tex. 2012) ("If evidence central to the jurisdictional issue is submitted, it should be considered in ruling on the plea to the jurisdiction. Evidence submitted with the plea may rebut the pleadings and undermine waiver of immunity." (citation omitted)). The trial court erred by refusing to consider the undisputed evidence showing that the Bowmans failed to plead sufficient facts to establish a waiver of immunity, and thus subject-matter jurisdiction. *See Blue*, 34 S.W.3d at 555.

Still, the Bowmans argue that the trial court's recital of what it considered in denying the plea is binding on this Court and limits our review. The authority on which the Bowmans rely involves a no-evidence summary judgment motion where the non-movant filed a late response with evidence, to which the movant objected. *See B.C. v. Steak N Shake Operations, Inc.*, 598 S.W.3d 256, 259-61 (Tex. 2020).

9

Conversely, here, we are deciding an interlocutory appeal of a plea to the jurisdiction where timely evidence was presented to the trial court involving sovereign immunity, an issue of subject-matter jurisdiction that cannot be waived. *See Univ. of Tex. MD Anderson Cancer Ctr. v. Contreras*, 576 S.W.3d 439, 443 (Tex. App.—Houston [1st Dist.] 2019, no pet.).

"[We] always have the duty to ensure that subject-matter jurisdiction—[our] own and that of the lower courts—is secure." *S.C. v. M.B.*, 650 S.W.3d 428, 449 (Tex. 2022). The Texas Supreme Court specified that "if a plea to the jurisdiction challenges the existence of jurisdictional facts, *we* consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do." *Miranda*, 133 S.W.3d at 227 (emphasis added).

> To preclude consideration of extrinsic facts when necessary to decide a plea to the jurisdiction would require a trial on the merits for many cases that do not need it, waste the resources of the courts and the parties in the case, and involve state courts in rulings on the merits in cases over which they have no jurisdiction.

*Id.* at 234. Further, in a de novo review, we give no deference to the trial court's jurisdictional ruling or its findings if they are not supported by evidence. *Contreras*, 576 S.W.3d at 443; *City of Hous. v. Musyimi*, No. 01-21-00670-CV, 2022 WL 2919724, at *4 (Tex. App.—Houston [1st Dist.] July 26, 2022, no pet.) (mem. op.). Thus, we are not confined to the pleadings merely because the trial court erred by refusing to consider the necessary jurisdictional evidence.

After the briefs were submitted, the Bowmans supplemented their briefing to include a newly issued opinion from our sister court, *City of Hous. v. Polk*, No. 14-23-00360-CV, 2025 WL 1692588 (Tex. App.—Houston [14th Dist.] June 17, 2025, no pet.) (mem. op.). M.D. Anderson disagrees that the analysis in *Polk* should apply here. *Polk* involved an interlocutory appeal from the denial of the City's motion involving sovereign immunity. *Id.* at *1. On appeal, the Fourteenth Court of Appeals had to determine whether to review the appeal as a denial of a Rule 91a motion or a plea to the jurisdiction because the style of the motion was unclear. *Id.* at *2. The court ultimately reviewed the City's motion as a Rule 91a motion because the substance of the motion did not challenge the existence of jurisdictional facts or reference extrinsic evidence.[1] *Id.* Here, however, M.D. Anderson's motion and supplement include the style of "Plea to the Jurisdiction," and M.D. Anderson challenged the existence of jurisdictional facts and referred to extrinsic evidence. Thus, *Polk* does not apply.

When the record conclusively negates the existence of jurisdiction, the suit should be dismissed. *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 96 (Tex. 2012); *see*

---

[1] In considering a Rule 91a motion to dismiss, a trial court is not permitted to consider evidence but must "decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits" permitted under Rule 59 of the Texas Rules of Civil Procedure. TEX. R. CIV. P. 91a.6.

*also McKenzie*, 578 S.W.3d at 512 ("[I]f the evidence is undisputed, or fails to raise a fact question, the plea must be granted.").

Here, the record conclusively negates the existence of jurisdiction. The undisputed jurisdictional evidence presented to the trial court, including Bowman's testimony and the testimony of her experts, established that M.D. Anderson did not administer chemotherapy to Bowman. The record thus establishes that M.D. Anderson's use of tangible personal property did not cause Bowman's purported injuries.

We conclude the Bowmans did not establish a waiver of sovereign immunity under the TTCA. The trial court erred in denying M.D. Anderson's jurisdictional plea.

## Conclusion

We reverse the trial court's order denying M.D. Anderson's plea to the jurisdiction and render judgment dismissing the Bowmans' claims against M.D. Anderson for lack of jurisdiction.

Clint Morgan
Justice

Panel consists of Justices Rivas-Molloy, Guiney, and Morgan.

12