Opinion issued December 28, 2023



In The

# Court of Appeals

For The

# First District of Texas

——————————

## NO. 01-22-00647-CV

——————————

## CITY OF HOUSTON, Appellant

## V.

## BRENDA GARCIA CRUZ, Appellee

---

### On Appeal from the 80th District Court
### Harris County, Texas
### Trial Court Case No. 2020-09825

---

## MEMORANDUM OPINION

This interlocutory appeal arises from a motor-vehicle collision between appellee Brenda Garcia Cruz and an animal enforcement officer employed by appellant City of Houston (the "City"). Cruz sued the City under Texas Tort Claims

Act ("TTCA") section 101.021(1), alleging that the City was vicariously liable for the alleged negligence and negligence per se of its employee while using or operating a vehicle. In a traditional motion for summary judgment, the City challenged the trial court's jurisdiction by asserting governmental immunity from suit. The trial court denied the motion.

In three issues on appeal, the City argues that it was entitled to governmental immunity because: (1) the City's employee did not breach a legal duty as required to establish negligence under the TTCA; (2) the TTCA's "emergency exception" provision applied to retain the City's immunity from suit; and (3) the TTCA does not waive immunity for claims of negligence per se.[1] We affirm.

## Background

In February 2018, Bradi Jamison was on duty as an animal enforcement officer employed by the City. At approximately 7:30 a.m., Jamison was allegedly involved in a motor-vehicle collision with Cruz.

Cruz filed suit against the City alleging that it was vicariously liable for Jamison's negligent and negligent per se use or operation of a motor vehicle, which caused the collision.[2] Cruz alleged that Jamison acted negligently in numerous ways,

---

[1] The City lists only the first two issues in the issues presented section of its appellate brief, but we construe the City's argument as additionally raising the third issue concerning negligence per se.

[2] Cruz also sued Jamison individually, but the trial court dismissed these claims on the City's motion under the TTCA's election-of-remedies provision. *See* TEX. CIV.

2

including by failing to maintain a proper lookout, use due caution, and use ordinary and reasonably prudent care. Cruz also alleged that Jamison was negligent per se based on violations of four sections of the Transportation Code.

The City filed an answer generally denying liability. The City also asserted numerous affirmative defenses, including that it was immune from suit based on the TTCA's exceptions to the waiver of immunity.

The City filed a traditional motion for summary judgment. The City argued that Jamison did not breach a legal duty as required to establish negligence; the TTCA emergency exception applied to retain the City's immunity; and the TTCA does not waive governmental immunity for negligence per se claims. The City supported its motion with an affidavit from Jamison and an unsworn declaration from a witness to the collision.[3]

In her affidavit, Jamison averred that she was employed by the City as an animal enforcement officer, and she was responding to a dog bite call when the collision occurred. Although the affidavit provided no further detail concerning the specific call to which she was responding, Jamison averred that animal bite calls

---

PRAC. & REM. CODE § 101.106(e) ("If a suit is filed under [the TTCA] against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.").

[3] The City's motion also relied on an excerpt of Cruz's deposition testimony. Because Cruz's deposition testimony is not relevant to the issues on appeal, we need not consider this evidence.

"where a victim has been bitten" are one of the "highest priority calls" received by animal enforcement officers. Such calls require "urgent, if not immediate response because a person or an animal is in danger or the call is otherwise important." "Dog bites can be extremely dangerous" and can "cause severe bodily injuries . . . ." Jamison has responded to numerous dog bite calls in her career, and she typically responds to at least one dog bite call per workday.

Concerning the collision, Jamison averred that she was driving on the service road of Loop 610 in Harris County when she "approached the intersection with Galveston Road" and "came to a complete stop at the stop sign and looked left and right for cross-traffic." The record indicates that cross-traffic on Galveston Road did not stop at the intersection.

Jamison intended to turn onto Galveston Road, but before she could do so, a dump truck travelling on Galveston Road stopped just before the service road. The dump truck apparently intended to turn onto the service road but was unable to do so because Jamison's vehicle blocked its path. While stopped, the dump truck blocked Jamison's view of cross-traffic on Galveston Road. Another car was stopped behind Jamison, and Jamison decided to "inch forward" through the stop sign at "no more than 5 mph" onto Galveston Road "to get a better view of westbound traffic and complete [her] turn." Jamison "did not believe that doing so posed a high degree of risk of serious injury to [herself] or anyone else." Meanwhile, Cruz was driving

4

on Galveston Road when she went around the dump truck and collided with Jamison's vehicle. Jamison estimated that Cruz was travelling at approximately fifty to sixty miles per hour. The parties dispute who was at fault in causing the accident.

The driver of the vehicle stopped behind Jamison's vehicle at the stop sign submitted a declaration. According to this witness, Jamison came "to a complete stop at the stop sign" and waited "for quite a while" to turn. The witness confirmed that a large vehicle—apparently the dump truck—was stopped on Galveston Road, unable to turn onto the service road. The witness saw Jamison "slowly inch forward into the intersection" when Jamison's vehicle collided with Cruz's vehicle. The witness estimated that Cruz was driving forty to fifty miles per hour. The record does not indicate the speed limit on Galveston Road.

Cruz filed a summary judgment response disputing the City's entitlement to immunity. The City filed a reply. Cruz then filed a sur-reply in which she relied heavily on Jamison's testimony at her deposition, which occurred after the parties filed their original summary judgment briefing in the trial court.[4] Jamison testified that she "was heading to an emergency call" at the time of the accident, and "[t]he call was an emergency." The City also filed a sur-sur-reply.

---

[4] The City filed a motion to strike Cruz's sur-reply as untimely, but the trial court denied the motion. The City does not challenge this ruling on appeal.

The trial court denied the City's motion for summary judgment. This appeal followed.

**Appellate Jurisdiction**

We first address a jurisdictional issue raised by Cruz in her appellate brief. Cruz contends that this Court lacks appellate jurisdiction to consider the City's first and third issues challenging the denial of the summary judgment motion as to the negligence and negligence per se claims, respectively, because these claims do not implicate the trial court's subject-matter jurisdiction. We disagree.

Appellate courts generally have jurisdiction to review final judgments and interlocutory orders when specifically authorized by statute. *Scripps NP Operating, LLC v. Carter*, 573 S.W.3d 781, 788 (Tex. 2019); *Caress v. Fortier*, 576 S.W.3d 778, 780 (Tex. App.—Houston [1st Dist.] 2019, pet. denied). Civil Practice and Remedies Code section 51.014(a)(8) authorizes an appeal from an interlocutory order that "grants or denies a plea to the jurisdiction by a governmental unit" as that term is defined in the TTCA. Tex. Civ. Prac. & Rem. Code § 51.014(a)(8).

The Texas Supreme Court has interpreted this section to provide "for an interlocutory appeal when a trial court denies a governmental unit's challenge to subject matter jurisdiction, irrespective of the procedural vehicle used." *Thomas v. Long*, 207 S.W.3d 334, 339 (Tex. 2006). It is well established that appellate courts have jurisdiction under section 51.014(a)(8) to review an interlocutory trial court

6

order denying a motion for summary judgment that challenges the trial court's subject-matter jurisdiction. *See, e.g.*, *PHI, Inc. v. Tex. Juv. Just. Dep't*, 593 S.W.3d 296, 301 n.1 (Tex. 2019) (concluding that court of appeals had jurisdiction to review interlocutory order denying combined plea to jurisdiction and motion for summary judgment "because the substance of the pleading was to raise sovereign immunity, which implicates subject-matter jurisdiction"); *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004) ("If the trial court denies the governmental entity's claim of no jurisdiction, whether it has been asserted by a plea to the jurisdiction, a motion for summary judgment, or otherwise, the Legislature has provided that an interlocutory appeal may be brought.").

In its motion for summary judgment, the City argued that it was entitled to governmental immunity from Cruz's claims, and therefore the trial court lacked subject-matter jurisdiction over the lawsuit. The City asserted three bases for its jurisdictional challenge, two of which are relevant here. First, the City argued that Jamison did not breach a legal duty constituting negligence under section 101.021(1). *See* TEX. CIV. PRAC. & REM. CODE § 101.021(1) (stating that governmental unit is liable for property damage or personal injury caused by employee's negligence in operating or using motor-driven vehicle). Second, the City argued that the TTCA does not clearly and unequivocally waive the City's immunity for claims of negligence per se. Based on both arguments—as well as a third

7

argument concerning the emergency exception, which is not included in Cruz's challenge to appellate jurisdiction—the City argued that it was immune from suit, and thus the trial court lacked subject-matter jurisdiction over Cruz's claims. Because the City's motion asserted its immunity from suit, we have appellate jurisdiction under section 51.014(a)(8) to review the trial court's interlocutory order denying the motion for summary judgment. *See id.* § 51.014(a)(8); *PHI*, 593 S.W.3d at 301 n.1; *Sykes*, 136 S.W.3d at 638; *City of Houston v. Garza*, No. 01-18-01069-CV, 2019 WL 2932851, at *3 (Tex. App.—Houston [1st Dist.] July 9, 2019, no pet.) (mem. op.) ("When a governmental unit asserts immunity in a motion for summary judgment, a court of appeals has jurisdiction to review an interlocutory order denying summary judgment.").

Cruz relies on *Ryder Integrated Logistics, Inc. v. Fayette County* to support her position that the issues of negligence and negligence per se do not implicate the trial court's subject-matter jurisdiction. *See* 453 S.W.3d 922 (Tex. 2015) (per curiam). In that case, the Texas Supreme Court considered whether Ryder had adequately alleged an injury arising from a Fayette County deputy sheriff's use of a vehicle such that the county's immunity was waived under section 101.021(1)(A). *Id.* at 926. In construing this section, the court stated that "there is no immunity waiver absent the *negligent* or otherwise improper use of a motor-driven vehicle." *Id.* at 928 (emphasis added). The court concluded that Ryder had adequately alleged

8

negligence by contending that the deputy sheriff failed to follow proper protocols and procedures when he "blinded and distracted" a driver on the highway, which caused the collision. *Id.* Thus, contrary to Cruz's argument, the *Ryder* court's immunity analysis considered whether the plaintiff adequately alleged negligence. *See id.* ("[T]here is no immunity waiver absent the negligent or otherwise improper use of a motor-driven vehicle."); *see also City of San Antonio v. Maspero*, 640 S.W.3d 523, 533 (Tex. 2022) ("In *Ryder*, we addressed the requirement of negligence or wrongful conduct by a government employee as part of a waiver of immunity under the Tort Claims Act.").

Cruz correctly points out that a plaintiff is not required to "put on [its] case simply to establish jurisdiction" and, thus, a proper jurisdictional analysis should "not involve a significant inquiry into the substance of the claims." *See Ryder Integrated Logistics*, 453 S.W.3d at 928 (quoting *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000)). The court made these statements in the context of rejecting the county's request to find that the deputy sheriff's actions were not negligent as a matter of law. *Id.* These statements merely limit the quantum of proof required for a plaintiff to meet her burden to establish the trial court's subject-matter jurisdiction. *Ryder* does not, however, stand for the proposition that negligence is not pertinent to the jurisdictional inquiry.

We hold that this Court has jurisdiction under Civil Practice and Remedies Code section 51.014(a)(8) to review the trial court's interlocutory order denying the City's motion for summary judgment.

## Governmental Immunity

The City contends that it is immune from suit, and therefore the trial court lacked subject-matter jurisdiction over the case, because: (1) Jamison did not breach a legal duty as a matter of law; (2) the TTCA's emergency exception applies to retain the City's immunity; and (3) the TTCA does not waive immunity for claims of negligence per se.

## A.    Standard of Review

Sovereign or governmental immunity deprives a trial court of subject-matter jurisdiction over a lawsuit against a governmental unit unless the Legislature has consented to suit. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). Subject-matter jurisdiction is essential to a court's authority to decide a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). "The party suing the governmental unit bears the burden of affirmatively showing waiver of immunity." *Maspero*, 640 S.W.3d at 528.

Subject-matter jurisdiction is a question of law that we review de novo. *Fraley v. Tex. A&M Univ. Sys.*, 664 S.W.3d 91, 97 (Tex. 2023); *Miranda*, 133 S.W.3d at 228; *City of Houston v. McGriff*, — S.W.3d —, No. 01-21-00487-CV, 2022 WL

10

17684046, at *6 (Tex. App.—Houston [1st Dist.] Dec. 15, 2022, no pet.). Likewise, statutory interpretation is a question of law that we review de novo. *Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 867 (Tex. 2009).

Rule of Civil Procedure 166a governs summary judgments. A defending party may move for summary judgment at any time with or without supporting affidavits. TEX. R. CIV. P. 166a(b). When, as here, a party moves for traditional summary judgment, the party is entitled to summary judgment if the evidence establishes that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion. TEX. R. CIV. P. 166a(c). The defendant has the initial burden to meet the summary judgment standard of proof for a jurisdictional challenge. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012). "By requiring the [governmental unit] to meet the summary judgment standard of proof . . . , we protect the plaintiffs from having to put on their case simply to establish jurisdiction." *Miranda*, 133 S.W.3d at 228 (quotations omitted).

When the pleadings are challenged, we first consider whether the plaintiff has alleged facts affirmatively demonstrating the trial court's subject-matter jurisdiction. *Id.* at 226; *Tex. Dep't of Pub. Safety v. Zakir*, 665 S.W.3d 884, 890 (Tex. App.—Houston [14th Dist.] 2023, no pet.). We construe the pleadings liberally in favor of

11

the plaintiff, consider the pleader's intent, and accept as true all factual allegations in the petition. *Miranda*, 133 S.W.3d at 226; *Zakir*, 665 S.W.3d at 890.

The trial court may consider evidence and must do so when necessary to resolve the jurisdictional issues. TEX. R. CIV. P. 166a(c); *Miranda*, 133 S.W.3d at 227; *Blue*, 34 S.W.3d at 555. We take as true all jurisdictional evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubt in favor of the nonmovant. *Miranda*, 133 S.W.3d at 228; *McGriff*, 2022 WL 17684046, at *6.

If the governmental unit meets its initial summary judgment burden to establish a lack of jurisdiction, then the burden shifts to the nonmovant to raise a genuine issue of material fact concerning the jurisdictional issue. TEX. R. CIV. P. 166a(c); *Garcia*, 372 S.W.3d at 635; *McGriff*, 2022 WL 17684046, at *6. If a fact issue exists, summary judgment must be denied. *Miranda*, 133 S.W.3d at 227–28; *McGriff*, 2022 WL 17684046, at *6. If, however, the evidence is undisputed or fails to raise a fact issue, then the jurisdictional issue may be decided as a matter of law. *Garcia*, 372 S.W.3d at 635; *McGriff*, 2022 WL 17684046, at *6.

## B. Governing Law

As a political subdivision of the State, cities are generally immune from suit unless the Legislature has consented to suit. *See Dohlen v. City of San Antonio*, 643 S.W.3d 387, 392 (Tex. 2022). The TTCA creates a limited waiver of governmental

immunity for claims of personal injury or property damage proximately caused by a governmental employee's negligent use or operation of a motor-driven vehicle, so long as the employee would be liable personally. TEX. CIV. PRAC. & REM. CODE § 101.021(1); *see id.* § 101.025(a) ("Sovereign immunity to suit is waived and abolished to the extent of liability created by this chapter.").

The TTCA also provides several exceptions and exclusions that retain immunity even if immunity would otherwise be waived by another provision. *Id.* §§ 101.051–.067; *see Rattray v. City of Brownsville*, 662 S.W.3d 860, 867 (Tex. 2023) ("The [TTCA] may waive immunity in one breath and in the next take back part of the waiver."). Relevant here, section 101.055(2)—commonly called the "emergency exception"—retains immunity for:

> a claim arising . . . from the action of an employee while responding to an emergency call or reacting to an emergency situation if the action is in compliance with the laws and ordinances applicable to emergency action, or in the absence of such a law or ordinance, if the action is not taken with conscious indifference or reckless disregard for the safety of others[.]

TEX. CIV. PRAC. & REM. CODE § 101.055(2).

When construing a statute, the primary objective is to give effect to the Legislature's intent as expressed in the statutory language. TEX. GOV'T CODE § 312.005; *Pochucha*, 290 S.W.3d at 867. When the statutory terms are clear and unambiguous, we apply their ordinary, common meaning. TEX. GOV'T CODE § 312.002(a); *Miles v. Tex. Cent. R.R. & Infrastructure, Inc.*, 647 S.W.3d 613, 619

(Tex. 2022); *Pochucha*, 290 S.W.3d at 867. We consider statutory terms in the context in which they are used rather than in isolation. *Miles*, 647 S.W.3d at 619. When a statute defines a term, courts are "bound to construe that term by its statutory definition only." *Tex. Dep't of Transp. v. Needham*, 82 S.W.3d 314, 318 (Tex. 2002); *see* TEX. GOV'T CODE § 311.011(b).

## C. Breach of Legal Duty

In its first issue, the City argues that it is entitled to summary judgment on Cruz's negligence claims because no genuine issue of material fact exists on whether Jamison breached a legal duty.

As stated above, TTCA section 101.021 provides that a governmental unit in the state is liable for:

> (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or *the negligence of an employee* acting within his scope of employment if:
>
> (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and
>
> (B) the employee would be personally liable to the claimant according to Texas law[.]

TEX. CIV. PRAC. & REM. CODE § 101.021(1) (emphasis added). "Negligence is the breach of a legal duty." *Ryder Integrated Logistics*, 453 S.W.3d at 928; *see Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009) (stating elements of negligence claim). Whether a defendant breached a legal duty is a question of

14

fact. *Venegas v. Argueta*, No. 01-20-00285-CV, 2021 WL 1679543, at *2 (Tex. App.—Houston [1st Dist.] Apr. 21, 2021, no pet.) (mem. op.).

To establish breach of a legal duty, a plaintiff ordinarily must show that either: (1) the defendant did something which an ordinarily prudent person exercising ordinary care would not have done under the particular circumstances; or (2) the defendant failed to do something which an ordinarily prudent person would have done while exercising ordinary care. *Id.*; *Douglas v. Aguilar*, 599 S.W.3d 105, 108 (Tex. App.—Houston [14th Dist.] 2020, no pet.). All Texas drivers have a duty to maintain a proper lookout and carefully observe the traffic and general situation at and in the vicinity of an intersection. *Douglas*, 599 S.W.3d at 108. A driver's failure to yield the right-of-way does not give rise to negligence as a matter of law. *Id.*

Moreover, as the City correctly points out, the occurrence of a collision alone is not evidence of negligence. *Id.* Rather, the plaintiff must prove "specific acts" of negligence, which "is generally a question of fact for the jury to determine." *Id.* (quoting *Gomez v. Adame*, 940 S.W.2d 249, 252 (Tex. App.—San Antonio 1997, no writ), and *Dedear v. James*, 184 S.W.2d 319, 321 (Tex. App.—Austin 1944, writ ref'd w.o.m.)). "[W]hen evidence shows that the driver exercised some care, 'it becomes an issue of fact as to whether the driver's conduct was negligent.'" *Id.* (quoting *Mata v. Coastal Agric. Supply, Inc.*, No. 01-17-00509-CV, 2018 WL 3150869, at *6 (Tex. App.—Houston [1st Dist.] June 28, 2018, no pet.)).

15

In her petition, Cruz alleged that Jamison "suddenly and without warning, failed to control [her] speed, failed to yield [the] right of way to [Cruz] at the stop sign, failed to use due caution when entering the intersection, and crashed into [Cruz's] vehicle." The City does not dispute that Jamison owed Cruz these legal duties, but the City contends that the summary judgment evidence established as a matter of law that Jamison did not breach these legal duties.

The City relies on Jamison's affidavit and deposition testimony in which Jamison testified that she stopped at the stop sign, but her view of cross-traffic was obstructed by a dump truck on Galveston Road. Without waiting for the dump truck to move, Jamison slowly proceeded through the stop sign to better see cross-traffic that was blocked by the dump truck. Jamison denied using her cell phone at the time or acting at risk to the safety of herself or other drivers. She also stated that she would not have proceeded through the stop sign if she "did not have a visual" of cross-traffic. Jamison's vehicle nevertheless collided with Cruz's vehicle.

As this Court has previously stated, whether a defendant breached a legal duty is a question of fact. *Venegas*, 2021 WL 1679543, at *2; *see also Mata*, 2018 WL 3150869, at *6. The City insists that Jamison proceeded into the intersection carefully, but evidence that Jamison exercised some care creates a fact issue as to whether she drove negligently. *See Douglas*, 599 S.W.3d at 108; *Mata*, 2018 WL 3150869, at *6. The breach-of-duty issue is appropriately resolved by a factfinder,

16

not by the trial court in summary judgment proceedings. *See Ryder Integrated Logistics*, 453 S.W.3d at 928 (declining to conduct significant inquiry into substance of negligence claim and thus "assume a role the Legislature has expressly reserved for the finder of fact") (citing TEX. CIV. PRAC. & REM. CODE § 33.003 (establishing factfinder's role)).

Moreover, the City's summary judgment evidence does not conclusively establish that Jamison did not breach a legal duty. Jamison conceded that her view of cross-traffic—which did not stop at the intersection—was obstructed by a large vehicle, but she nevertheless decided to drive through the stop sign to better see oncoming vehicles. A reasonably prudent person in Jamison's situation might have waited for the dump truck to move, coordinated with the driver behind Jamison to move and allow space for the dump truck to turn, or sought an alternate route with an unobstructed view of cross-traffic. *See Venegas*, 2021 WL 1679543, at *2.

When viewing the evidence in the light favorable to Cruz and indulging every reasonable inference and resolving any doubt in her favor, as we must, we conclude that a fact issue exists concerning whether Jamison breached a legal duty. *See* TEX. R. CIV. P. 166a(c); *Miranda*, 133 S.W.3d at 228; *McGriff*, 2022 WL 17684046, at *6. We therefore hold that the trial court properly denied the City's motion for summary judgment on Cruz's negligence claims. *See Miranda*, 133 S.W.3d at 227–28; *McGriff*, 2022 WL 17684046, at *6. We overrule the City's first issue.

**D.    Emergency Exception**

In its second issue, the City contends that the trial court erred by denying summary judgment because the City retained its immunity under the TTCA's emergency exception. Specifically, the City argues that Cruz failed to expressly plead that the emergency exception does not apply. Alternatively, the City argues that the summary judgment evidence conclusively establishes that the emergency exception applies.

**1.    Pleadings**

The City first argues that Cruz did not expressly plead the inapplicability of the emergency exception, which alone entitles the City to summary judgment. *See Zakir*, 665 S.W.3d at 890 (stating that courts reviewing challenge to trial court's jurisdiction first consider whether pleadings allege facts affirmatively demonstrating jurisdiction).

Cruz's pleadings alleged that Jamison, a City employee acting in the scope of her employment, "was operating [her] vehicle negligently" when she caused the collision from which Cruz's claims of property damage and personal injury arose. The parties do not dispute that this allegation establishes a waiver of the City's immunity under section 101.021(1)(A). *See* TEX. CIV. PRAC. & REM. CODE § 101.021(1)(A). Construing the pleadings liberally, as we must, we conclude that

these allegations suffice to invoke the TTCA's immunity waiver. *See Miranda*, 133 S.W.3d at 226.

The petition did not specifically deny that Jamison was responding to an emergency call or reacting to an emergency situation when the collision occurred. *See* TEX. CIV. PRAC. & REM. CODE § 101.055(2). But neither did the petition allege any facts consistent with emergency action. *See Miranda*, 133 S.W.3d at 226 (stating that pleadings are construed liberally in favor of pleader).

The only legal authority relied upon by the City is a single sentence from a recent Texas Supreme Court decision: "The plaintiff bears the burden of negating Section 101.055's applicability." *See Maspero*, 640 S.W.3d at 529. Even taken at face value and out of context, this sentence says nothing about a plaintiff's burden to *plead* facts affirmatively negating the applicability of the emergency exception. And upon closer examination, *Maspero* does not support the City's position. First, *Maspero* does not concern a challenge to the pleadings. Second, immediately following the sentence that the City relies on here, the *Maspero* court stated that the plaintiffs were required "to raise a fact issue that either" the emergency action complied with applicable laws and ordinances or the emergency action was reckless. *Id.* This sentence thus concerns an evidentiary burden, not a pleading one. *Maspero* is therefore inapposite.

19

In a later opinion, the Texas Supreme Court expounded on the plaintiff's burden to establish a waiver of immunity under the TTCA. In *Rattray v. City of Brownsville*, the court stated that the plaintiff must first allege "circumstances that fit within a provision of the [TTCA] that authorizes a waiver." 662 S.W.3d at 866. This is because the "status quo" is that "no court is empowered to hear tort cases against and impose liability on" governmental units. *Id.* As discussed above, Cruz's pleadings alleged a waiver of the City's immunity under TTCA section 101.021(1)(A).

But the plaintiff's jurisdictional burden requires more than merely pleading sufficient jurisdictional allegations. That is, the plaintiff must also negate any exceptions or exclusions to the immunity waiver which operate to withdraw the waiver and retain immunity. *Id.* at 867 (stating that plaintiff's burden requires both "satisfying the provisions that clearly and affirmatively waive immunity *and* negating any provisions that create exceptions to, and thus withdraw, that waiver"). But "no great effort is needed to negate many or indeed most statutory exceptions to the general waiver of immunity" in the TTCA. *Id.* A plaintiff need not "march through" the TTCA "provision by provision." *Id.* Instead, a plaintiff "need only expressly negate those exceptions that their allegations plausibly implicate, which will depend on the nature of the dispute." *Id.* at 867–68.

20

The allegations in Cruz's petition did not "plausibly implicate" the emergency exception. *See id.* Cruz alleged that an animal enforcement officer employed by the City negligently operated her vehicle and caused a motor-vehicle collision, but nothing in the petition alluded to any emergency action. Indeed, an animal enforcement officer is not the type of governmental employee who typically engages in emergency action, such as police officers, firefighters, and paramedics. *See* TEX. TRANSP. CODE § 541.201(1) (defining "authorized emergency vehicle" to include fire department and police vehicles and ambulances but not animal enforcement vehicles); *City of Amarillo v. Martin*, 971 S.W.2d 426, 429 (Tex. 1998) (stating that purpose of TTCA emergency exception is "to balance the safety of the public with the need for prompt responses to police, fire, and medical emergencies"). The dearth of legal authority applying the TTCA's emergency exception to actions of animal enforcement officers further confirms that animal enforcement officers do not typically engage in emergency action. This is not to say that animal enforcement officers can never engage in emergency action. In this case, however, the factual allegations in the petition did not plausibly implicate any emergency action, and thus Cruz was not required to expressly negate the TTCA's emergency exception in her petition. *See Rattray*, 662 S.W.3d at 867–68.

21

As shown by the facts in this case, the governmental unit defendant has its own role to play in ensuring that a trial court has subject-matter jurisdiction over a case:

> A governmental defendant, in turn, plays its role by identifying where jurisdiction might be lacking and raising any such deficiencies . . . . If a plaintiff has *not* shown that a claim affirmatively falls within a statutory waiver, the defendant should say so. Likewise, if the plaintiff omits or otherwise fails to negate a relevant exception to the waiver, the defendant should speak up. Both sides may develop and introduce evidence to support their contentions. This iterative process will ensure that both sides present their jurisdictional arguments to the court, which can play *its* continuing role of assessing its own jurisdiction.

*Id.* at 868. Once the City asserted its governmental immunity based on the emergency exception in the summary judgment motion, the parties were allowed to "develop and introduce evidence to support their contentions," which is what happened here. *See id.* We conclude that the City was not entitled to summary judgment on the pleadings alone.

### 2. Emergency Action

The City next argues that Jamison's affidavit and deposition testimony conclusively established that Jamison was responding to an emergency call or reacting to an emergency situation at the time of the accident. *See* TEX. CIV. PRAC. & REM. CODE § 101.055(2). We disagree.

As stated above, section 101.055(2) retains governmental immunity for:

> a claim arising . . . from the action of an employee while responding to an emergency call or reacting to an emergency situation if the action is

22

in compliance with the laws and ordinances applicable to emergency action, or in the absence of such a law or ordinance, if the action is not taken with conscious indifference or reckless disregard for the safety of others[.]

*Id.* The TTCA defines "employee" broadly as "a person, including an officer or agent, who is in the paid service of a governmental unit by competent authority" but excluding independent contractors or their agents or employees. *Id.* § 101.001(2); *see Needham*, 82 S.W.3d at 318 (stating that courts must construe statutorily defined term "by its statutory definition only"). The record indicates and the parties do not dispute that Jamison met the TTCA's definition of "employee."

The TTCA does not define "emergency call" or "emergency situation," but courts have interpreted the term "emergency" broadly. *E.g.*, *City of San Antonio v. Hartman*, 201 S.W.3d 667, 672–73 (Tex. 2006); *City of San Antonio v. Smith*, 562 S.W.3d 75, 82 (Tex. App.—San Antonio 2018, pet. denied); *see also City of Houston v. Hussein*, No. 01-18-00683-CV, 2020 WL 6788079, at *8 (Tex. App.—Houston [1st Dist.] Nov. 19, 2020, pet. denied) (mem. op. on reh'g) (collecting cases). The Texas Supreme Court has emphasized that courts should avoid construing the emergency exception "to exclude emergencies the Legislature might have intended to include." *Hartman*, 201 S.W.3d at 673.

In her affidavit, Jamison averred that animal enforcement officers are called to handle "dangerous and/or aggressive animals, animal bites, animal cruelty and abandonment, trapped wildlife and pets, injured animals, and stray or nuisance

23

animals." She further stated that dogs "can cause severe bodily injuries . . . ." She also stated that the "highest priority calls" include "bite cases where a victim has been bitten," and she "was heading to a dog bite call" at the time of the collision. Jamison averred that priority calls require animal enforcement officers to respond within two hours. In her deposition, Jamison testified that she was "heading to an emergency call," and she described the call as "high priority," "urgent," and "an emergency." However, Jamison also denied that she proceeded through the stop sign "for an emergency."

We agree with Cruz that this evidence is conclusory. A statement is conclusory if it does not provide the underlying facts to support the conclusion. *Concierge Nursing Ctrs., Inc. v. Antex Roofing, Inc.*, 433 S.W.3d 37, 50 (Tex. App.—Houston [1st Dist.] 2013, pet. denied). Conclusory statements are not competent summary judgment evidence. *Id.*; *Gunville v. Gonzales*, 508 S.W.3d 547, 560 (Tex. App.—El Paso 2016, no pet.); *see Anderson v. Snider*, 808 S.W.2d 54, 55 (Tex. 1991) (per curiam) ("[T]estimony comprised only of legal conclusions is insufficient to support summary judgment as a matter of law.").

Although Jamison testified that she was responding to an emergency call for a dog bite, she did not provide any facts supporting this conclusion. For example, Jamison did not say whether the dog was loose, whether the dog posed a continuing danger to anyone, what type or size of dog was involved, or whether the dog injured

24

anyone. Rather, Jamison focused on dog bites generally. Jamison also testified that she had two hours to respond to the call, which belies her statement that she was engaged in emergency action. The City relies solely on Jamison's conclusory statements, which are not competent summary judgment evidence. *See Anderson*, 808 S.W.2d at 55; *Concierge Nursing*, 433 S.W.3d at 50; *Gunville*, 508 S.W.3d at 560.

We conclude that the City did not meet its burden to establish its entitlement to judgment as a matter of law on whether Jamison was responding to an emergency call or reacting to an emergency situation at the time of the collision. *See* TEX. R. CIV. P. 166a(c); *Miranda*, 133 S.W.3d at 228 (stating that governmental unit is required to meet summary judgment standard of proof when challenging trial court's jurisdiction). Accordingly, we hold that the trial court did not err by denying the City's motion for summary judgment on this ground. We overrule the City's second issue.

**E.     Negligence Per Se**

In its third issue, the City argues that the TTCA does not waive immunity for claims of negligence per se.

"Negligence per se is a common-law doctrine that allows courts to rely on a penal statute to define a reasonably prudent person's standard of care." *Reeder v. Daniel*, 61 S.W.3d 359, 361–62 (Tex. 2001). When the doctrine applies, a plaintiff

25

may prove negligence as a matter of law by proving that the defendant violated the statute and the statutory violation proximately caused the plaintiff's injury. *Thomas v. Uzoka*, 290 S.W.3d 437, 445 (Tex. App.—Houston [14th Dist.] 2009, pet. denied). Negligence per se is not a separate cause of action that exists independently of a common-law negligence claim. *Id.* Rather, negligence per se is one method of proving a breach of duty, which is a necessary element in any negligence cause of action. *Id.*

To support its argument, the City relies solely on the Waco Court of Appeals' decision in *Thoele v. Texas Department of Criminal Justice*. *See* No. 10-18-00249-CV, 2020 WL 7687864 (Tex. App.—Waco Dec. 22, 2020, no pet.) (mem. op.). There, Thoele asserted various TTCA claims, including negligence per se based on violations of rules promulgated by the federal Occupational Safety and Health Administration ("OSHA"). *Id.* at *1. The trial court granted the governmental unit's motion to dismiss Thoele's claims under Rule of Civil Procedure 91a, and Thoele appealed. *Id.* On appeal, the Waco court noted that Texas courts do not recognize OSHA violations as establishing negligence per se. *Id.* at *5 (collecting cases). The court also stated that Thoele had not identified any section of the TTCA that waived immunity for claims of negligence per se. *Id.* at *6. Thus, the Waco court affirmed the trial court's dismissal of Thoele's negligence per se claims. *Id.*

Contrary to the City's argument, *Thoele* does not stand for the proposition that negligence per se is not actionable under the TTCA. Rather, the Waco court primarily based its negligence per se holding on well-established law that OSHA violations do not establish negligence per se. *See id.* at *5. Cruz does not rely on violations of OSHA standards to establish negligence per se, and therefore *Thoele* is inapposite in this respect.

The Waco court also based its holding on Thoele's failure to establish that the TTCA waives immunity for claims of negligence per se. *See id.* at *6. Here, however, the City filed a traditional motion for summary judgment, and the City—not Cruz—bore the initial burden to establish as a matter of law that the TTCA does not waive governmental immunity for claims of negligence per se. *See* TEX. R. CIV. P. 166a(c); *Miranda*, 133 S.W.3d at 228. A negligence per se cause of action does not exist independently of a common-law negligence claim; rather, negligence per se is one method of proving breach of duty. *Thomas*, 290 S.W.3d at 445. We have already determined that Cruz adequately alleged negligence. Cruz's allegations that Jamison violated provisions of the Transportation Code are merely additional methods of proving that Jamison breached a legal duty as required to establish negligence. *See id.* The City did not meet its burden to establish that the TTCA does not waive immunity for Cruz's negligence per se claims.

27

We hold that the trial court properly denied summary judgment on Cruz's claims of negligence per se. We overrule the City's third issue.

## Conclusion

We affirm the trial court's order denying the City's motion for summary judgment.

April L. Farris
Justice

Panel consists of Chief Justice Adams and Justices Guerra and Farris.